IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES A. SPARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-090 |
| | ) | |
| WARDEN VANCE LAUGHLIN, Wheeler | ) | |
| Correctional Facility; UNIT MANAGER | ) | |
| LEE ANN HAMILTON, Wheeler | ) | |
| Correctional Facility; LT. JANE DOE, | ) | |
| Wheeler Correctional Facility; and OFFICER | ) | |
| JANE DOE, Wheeler Correctional Facility, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Valdosta State Prison ("VSP") in Valdosta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names as Defendants (1) Vance Laughlin, Warden, WCF; (2) Lee Ann Hamilton, Unit Manager, WCF; (3) Lt. Jane Doe, WCF; and (4) Officer Jane Doe, WCF.

(Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 16, 2016, Plaintiff's friend and fellow inmate Leroy Williams got into a fight with inmate Cyrus Giles. (Id. at 10-11.) Plaintiff rushed to assist his friend, punching Mr. Giles in the back of the head and dragging him into a nearby cell. (Id. at 11-12.) Correctional staff broke up the fight and restrained Plaintiff, Mr. Williams, and Mr. Giles. (Id. at 12.)

As a result of this altercation, Plaintiff was charged with a rule infraction of "intentionally causing injury to others." (Id.) Defendant Hamilton then issued a report, stating, "After reviewing the camera that captured the incident; I, Unit Manager Hamilton observed Inmate Sparks, James (Plaintiff) assaulting inmate Giles, Cyrus in the face under his chin with a weapon causing injuries that required outside treatment." (Id.) Plaintiff contends he never possessed a weapon, and that his original charge was inappropriately increased by Defendant Hamilton. (Id. at 13.)

On June 24, 2014, Defendant Officer Doe conducted an investigation of the disciplinary report and informed Plaintiff he was in "serious trouble" for possessing a weapon. (Id. at 14.) Plaintiff stated he did not have a weapon, and requested the video footage Defendant Hamilton reviewed in making her report. (Id. at 14-15.) Defendant Officer Doe refused to give Plaintiff the video footage and only allowed him to give a verbal statement in his defense. (Id. at 15.) Approximately fifteen to thirty minutes later, Defendant Lt. Doe conducted a disciplinary hearing, where she also refused to allow Plaintiff access to the video footage. (Id. at 15-16.) Defendant Lt. Doe found Plaintiff guilty of

assault on the basis of Defendant Hamilton's report, and sanctioned Plaintiff to ninety days of phone restriction, library restriction, and store restriction, and thirty days of isolation. (Id. at 17.) Plaintiff appealed Defendant Lt. Doe's decision to Defendant Laughlin, who denied his appeal. (Id. at 17-18.)

Plaintiff began suffering from depression and suicidal thoughts, and after consultation by a mental health counselor, he was placed in a strip cell for four days. (Id. at 18-19.) In this cell, he was only given a cloth gown to wear and forced to sleep on a steel bunk without a mattress or any bedding supplies. (Id. at 19.) He was only served two bologna sandwiches, an orange, and two graham crackers per day, and not given anything to drink. (Id.)

After being placed back into the general population, Plaintiff was transferred to Valdosta State Prison. (Id.) Plaintiff alleges he is now housed with more dangerous prisoners, and that as a result of this transfer, he lost his tentative parole month. (Id. at 20.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Defendants' Refusal to Allow Plaintiff to Obtain Video Evidence Did Not Violate the Fourteenth Amendment.

Plaintiff alleges his Fourteenth Amendment due process rights were violated because he was not allowed to review video evidence of his alleged assault with a weapon. In the context of a prison disciplinary hearing, a prisoner is not entitled to the same protections as if he were prosecuted for a crime. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.") Rather, all due process requires is that prisoners are given,

(1) advance written notice of the charges against them;

(2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and

(3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action.

O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011). In addition, "[p]rison officials need discretion to limit access to other inmates to collect statements or to compile other documentary evidence[,] and are not required to state specific reasons for refusing to provide that certain witnesses be called." Smith v. Rabalais, 659 F.2d 539, 543-44 (5th Cir. 1981) (internal quotation omitted)[1]; see also Casado v. Hastings, No. CV 214-135, 2015 WL 5092614, at *6 (S.D. Ga. Aug. 27, 2015) (holding failure to provide discovery containing DNA testing of disputed evidence in prison disciplinary proceeding did not violate due process).

Here, based on Plaintiff's own allegations, his disciplinary hearing passed constitutional

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

5

muster.  Plaintiff was given written notice of the charges against him detailing the evidence against him and the reasons for disciplinary action.  (See doc. no. 1, pp. 12, 17.)  Furthermore, he was allowed to give verbal statements in his defense.  (See id. at 15-17.)  Although Plaintiff was not allowed to review video evidence, this decision was within the discretion of prison officials to determine if doing so would be consistent with safety and correctional goals.  See Smith, 659 F.2d at 543-44; O'Bryant, 637 F.3d at 1213.  They concluded it was not, and were not required to give a reason for their decision.  See Smith, 659 F.2d at 543-44.  Therefore, Plaintiff's disciplinary hearing complied with the requirement of due process, and he fails to state a viable Fourteenth Amendment claim.

### 3. Plaintiff's Placement in a Strip Cell Did Not Violate the Eight Amendment.

Plaintiff alleges his placement in a "strip cell" for four days violated the Eighth Amendment prohibition on cruel and unusual punishment.  (Doc. no. 1, pp. 18-19.)  "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones."  Alfred v. Bryant, 378 F. App'x 977, 979 (11th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  At a minimum, the Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care.  Id.  A prisoner's safety must also be protected through reasonable measures.  Id.

To prove a claim for deliberate indifference under the Eighth Amendment, Plaintiff must satisfy an objective and a subjective component.  To satisfy the objective component, the prisoner bears the burden of proving that the challenged prison condition is "extreme"

---

down prior to October 1, 1981.

and "pose[s] an unreasonable risk of serious damage to the [prisoner's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations omitted). In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Id. (internal quotations omitted). Stated differently, the condition must result "in the denial of the minimal civilized measure of life's necessities." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996) (internal quotations omitted).

Plaintiff must satisfy a subjective prong by showing that the prison officials acted with deliberate indifference. Id. This does not require that the prison official purposefully acted to cause harm, but it does involve something beyond mere negligence. Id. The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. A prison condition does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." Chandler, 379 F.3d at 1289 (quotation marks and citation omitted).

Here, Plaintiff's allegations fail to satisfy the objective prong of deliberate indifference. Plaintiff alleges he was placed for a total of four days on a steel bunk without a mattress and given only two bologna sandwiches, an orange, and two graham crackers per day to eat. (See doc. no. 1, p. 19.) The Constitution only requires a prison provide inmates with "reasonably adequate food;" that is, a meal "containing sufficient nutritional value to preserve health." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985); see also

Shepard v. Alvarez, No. 08-10090-CIV-KING, 2009 WL 1872016, at *5 (S.D. Fla. May 21, 2009) ("Food must be prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.) (internal quotation omitted). Here, two bologna sandwiches, an orange, and two graham crackers per day clearly "contain[ed] sufficient nutritional value to preserve health" for the four days Plaintiff spent in the strip cell. Hamm, 774 F.2d at 1575.

Furthermore, none of the other "strip cell" conditions, such as the mattress-less steel bunk or cloth gown, can be said to "pose an unreasonable risk of serious damage to [Plaintiff's] future health or safety" or constitute a "denial of the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289; Cottrell v. Caldwell, 85 F.3d at 1491. Indeed, one court held a ninety-day stint in a strip cell as the result of a suicide watch does not violate the Eighth Amendment. See McMahon v. Beard, 583 F.2d 172, 175 (5th Cir. 1978). Accordingly, Plaintiff fails to state an Eighth Amendment claim for being placed in a strip cell for four days.

### 4. Plaintiff's Transfer to VSP Did Not Violate the Eight Amendment.

Plaintiff likewise fails to state an Eighth Amendment claim for his transfer to VSP. Prisoners do not have a constitutional right to remain at a particular penal institution. See Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) ("prison inmates do not have a constitutionally protected right to remain at a particular penal institution"); Meachum v. Fano, 427 U.S. 215, 227, (1976) (transfer without hearing does not violate Constitution); see also Tate v. Brannen, No. 5:11-CV-249-WLS-MSH, 2012 WL 6968457, at *3 (M.D. Ga. Jan. 23, 2012), *report and recommendation adopted*, No. 5:11-CV-249 WLS, 2013 WL 395976 (M.D. Ga. Jan. 31, 2013)

("Plaintiff has no constitutional right to be transferred from a particular prison.") Accordingly, Plaintiff's fails to state a constitutional claim for his transfer to VSP.

**II. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of February, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA